# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE L. RAFFERTY, | ) | CASE NO.: |
| 53 Woodland Chase Boulevard | ) | |
| Niles, OH 44446 | ) | HON. JUDGE: |
| | ) | |
| and | ) | |
| | ) | |
| KATIE L. SHERMAN, | ) | **COMPLAINT** |
| 7535 Lake Road East | ) | |
| Madison, OH 44057 | ) | |
| | ) | **CIVIL RIGHTS VIOLATIONS** |
| Plaintiffs, | ) | **42 U.S.C § 1983** |
| | ) | **(Illegal Strip Search)** |
| *vs*. | ) | **(Sexual Misconduct/Battery)** |
| | ) | **(Deliberate Indifference)** |
| TRUMBULL COUNTY, OHIO, | ) | |
| Trumbull Co. Administration Building | ) | **MONELL CLAIMS** |
| 160 High Street NW, 5th Floor | ) | |
| Warren, Ohio 44481 | ) | **INTIMIDATION** |
| | ) | |
| and | ) | **GROSS NEGLIGENCE** |
| | ) | |
| TRUMBULL COUNTY COMMISSIONERS, | ) | |
| FRANK S. FUDA, | ) | |
| MAURO CANTALAMESSA, | ) | |
| DANIEL E. POLIVKA, | ) | |
| Jointly and Severally in their | ) | |
| Personal and Official Capacities, | ) | **JURY DEMAND ENDORSED HEREIN** |
| Trumbull Co. Administration Building | ) | |
| 160 High Street NW, 5th Floor | ) | |
| Warren, Ohio 44481 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TRUMBULL COUNTY SHERIFF'S DEPT. | ) | |
| 150 High Street NW | ) | |
| Warren, Ohio 44481 | ) | |

|  |  |
|---|---|
| *and* | ) |
|  | ) |
| THOMAS L. ALTIERE, SHERIFF, | ) |
| Individually and in his Professional Capacity | ) |
| c/o Trumbull County Sheriff's Department | ) |
| 150 High Street NW | ) |
| Warren, Ohio 44481 | ) |
|  | ) |
| *and* | ) |
|  | ) |
| ERIC SHAY, LIEUTENANT, | ) |
| Individually and in his Professional Capacity | ) |
| c/o Trumbull County Sheriff's Department | ) |
| 150 High Street NW | ) |
| Warren, Ohio 44481 | ) |
|  | ) |
| *and* | ) |
|  | ) |
| CHARLES E. DRENNEN, | ) |
| Individually and in his Professional Capacity | ) |
| 3035 Ridge Avenue SE | ) |
| Warren, OH 44484 | ) |
| and | ) |
| c/o Trumbull County Sheriff's Department | ) |
| 150 High Street NW | ) |
| Warren, Ohio 44481 | ) |
|  | ) |
| *and* | ) |
|  | ) |
| JOHN AND/OR JANE DOE | ) |
| CORRECTIONAL OFFICERS, | ) |
| Individually and in their Professional Capacity | ) |
| c/o Trumbull County Sheriff's Department | ) |
| 150 High Street NW | ) |
| Warren, Ohio 44481 | ) |
|  | ) |
| *and* | ) |
|  | ) |
| JOHN AND/OR JANE DOE | ) |
| EMPLOYEES, | ) |
| Individually and in their Professional Capacity | ) |
| c/o Trumbull County Sheriff's Department | ) |
| 150 High Street NW | ) |
| Warren, Ohio 44481 | ) |
|  | ) |
| Defendants. | ) |

2

NOW COME Plaintiffs, Michele L. Rafferty and Katie L. Sherman, by and through their counsel, Sarah Thomas Kovoor and Thomas D. Lambros, and for their complaint against these Defendants, alleges and says as follows:

**INTRODUCTORY STATEMENT**

1. This is a civil action seeking damages sustained by citizens of the Unites States and residents of the State of Ohio, against Charles Drennen, a resident of Trumbull County, Ohio, who at all times relevant herein was a correctional officer of the Trumbull County Jail, for unlawfully exploiting inmates for his personal sexual gratification and forcing other inmates to witness the exploitation and abuse; and against several other correctional officers who knew of this officer's actions and actively or passively conspired to facilitate, allow, ratify and hide his actions; and against several supervisory officers, including Sheriff Thomas Altiere and Lieutenant Eric Shay as the supervisory individuals responsible for the conduct of the Trumbull County Sheriff's Department officers; and against Trumbull County, Ohio and its County Commissioners, which employed the correctional officers and the supervisory Defendants and for its failure to screen prospective employees, for its failure to properly train, control and supervise its employees, and adopt and enforce adequate policies and procedures to prevent such abuses and for knowing of and tolerating, allowing, and/or encouraging customs that lead to the abuse of the Plaintiffs.

2. Named Defendant Drennen perpetrated these acts, under color of law, which deprived Michele L. Rafferty and Katie L. Sherman of the civil rights secured to them under the Constitution and laws of the United States. All of the remaining Defendants participated under color of law, which deprived Michele L. Rafferty and Katie L. Sherman of civil rights secured to them under the Constitution and laws of the United States, by refusing, neglecting, and/or conspiring, or otherwise participating with deliberate indifference and callous disregard, to prevent such deprivations and denials to Michele L. Rafferty and Katie L. Sherman.

## JURISDICTION AND VENUE

3. Plaintiffs incorporate by reference all of the averments set forth above as if fully rewritten herein.

4. This action arises under the Constitution of the United States and Federal Law, particularly, 42 U.S.C. Section 1983, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, and 1343 and 42 U.S.C. Section 1983. Plaintiffs further invoke the pendant jurisdiction of this court to consider claims arising under state law.

6. At all relevant times herein, all of the Defendants were acting under color of law to wit, under the pretense of the statutes, laws, ordinances, regulations, customs, policies, practices and usages of the State of Ohio and County of Trumbull.

7. Venue is proper in this district because it is where the events described occurred.

## PARTIES

8. Plaintiffs incorporate by reference all of the averments set forth above as if fully rewritten herein.

9. Michele L. Rafferty ("Ms. Rafferty") at all times relevant herein, was a citizen of the United States of America and was a resident of the Trumbull County in the State of Ohio.

10. Katie L. Sherman ("Ms. Sherman") at all times relevant herein, was a citizen of the United States of America and was a resident of Ashtabula County, in the State of Ohio.

11. Defendant Trumbull County ("County") at all times relevant herein, was a county within the State of Ohio and, at all times relevant hereto, was governed by the three Trumbull County Commissioners ("Commissioners"), Frank Fuda, Mauro Cantalamesa and Daniel

Polivka. Upon knowledge and belief, the County and Commissioners owned and controlled the Trumbull County Jail and was the employer and principal of Defendants Sheriff Thomas Altiere, Lieutenant Eric Shay, Officer Charles Drennen, John and/or Jane Doe Correctional Officers and John and/or Jane Doe Employees. Therefore, the Commissioners are named as defendants herein, both individually and in their official capacities as Commissioners. In the event that discovery demonstrates the Commissioners have any further responsibility for any of the acts Plaintiffs allege herein, this complaint shall extend to those acts and responsibilities.

12. Defendant Commissioners at all times relevant herein, were policy makers for the county which created, supervised and maintained the Trumbull County Sheriff's Department ("Sheriff's Department") and the Trumbull County Jail ("County Jail") and was the employer and principal of Defendants Sheriff Thomas Altiere, Lieutenant Eric Shay, Officer Charles Drennen, John and/or Jane Doe Correctional Officers and John and/or Jane Doe Employees.

13. Defendant Thomas Altiere ("Sheriff Altiere") at all times relevant herein, was the duly elected sheriff of Trumbull County and in that capacity he supervised and maintained the Trumbull County Sheriff's Department and the Trumbull County Jail. He and the Sheriff's Department were the employer and principal of Defendants Officer Charles Drennen, John and/or Jane Doe Correctional Officers and John and/or Jane Doe Employees. More specifically Defendant Altiere's employment duties and responsibilities placed him in charge and control of the Trumbull County Jail facilities. He was also in charge of all Trumbull County Sheriff's Department employees and the development and implementation of all procedures and policies related to their employment. He was responsible for employee training, supervision and conduct;

enforcement of the regulations of the Sheriff's Department and the County Jail; verifying that employees were adhering to the official policies and procedures and the regulations of the Sheriff's Department and the County Jail; ensuring the review of and response to formal and informal complaints and grievances; knowing what was actually occurring in the Trumbull County Sheriff's Department and the Trumbull County Jail; ensuring that the personnel of the Trumbull County Jail were obeying the laws of the State of Ohio and of the United States, at a minimum, while they were on County Jail property and to take appropriate corrective action when needed; and to ensure the safety, health and welfare of employees, inmates and visitors to the County Jail, including protecting their civil rights. Plaintiffs sue Defendant Sheriff Altiere in both his individual and official capacities.

14. Defendant Eric Shay ("Lt. Shay") at all times relevant herein, was a Lieutenant in the Trumbull County Sheriff's Department and the Trumbull County Jail. He was a supervisor of Defendants Officer Charles Drennen, John and/or Jane Doe Correctional Officers and John and/or Jane Doe Employees. More specifically Defendant Lt. Shay's employment duties and responsibilities placed him in charge and control of Trumbull County Jail employees and he was responsible for the implementation of procedures and policies related to their employment. He was responsible for employee training, supervision and conduct; enforcement of the regulations of the Sheriff's Department and the County Jail; verifying that employees were adhering to the official policies and procedures and the regulations of the Sheriff's Department and the County Jail; ensuring the review of and response to formal and informal complaints and grievances; knowing what was actually occurring in the Trumbull County Sheriff's Department and the Trumbull County Jail; ensuring that the personnel of the Trumbull County Jail were obeying the

laws of the State of Ohio and of the United States, at a minimum, while they were on County Jail property and to take appropriate corrective action when needed; and to ensure the safety, health and welfare of employees, inmates and visitors to the County Jail, including protecting their civil rights. Plaintiffs sue Defendant Lt. Shay in both his individual and official capacities.

15. Charles E. Drennen ("Drennen") at all times relevant herein, was a married male and father of two employed at the County Jail, and by the Sheriff's Department and the County as a corrections officer. Drennen was charged with working in an all-female area (or pod) at the County Jail. Plaintiffs sue Defendant Drennen in both his professional and individual capacity.

16. John and/or Jane Doe Correctional Officer(s) were at all relevant times employed at the County Jail, and by the Sheriff's Department and the County. Plaintiffs sue Defendant(s) Doe Correctional Officer(s) in both their professional and individual capacities.

17. John and/or Jane Doe Employee(s) were at all relevant times employed at the County Jail, and by the Sheriff's Department and the County. Plaintiffs sue Defendant(s) Doe Employee(s) in both their professional and individual capacities.

## OPERATIVE FACTS

18. Plaintiffs incorporate by reference all of the averments set forth above as if fully rewritten herein.

8

19. Plaintiff Ms. Rafferty was incarcerated as an inmate in the County Jail from on or about February 12, 2014 to on or about August 13, 2014. As an inmate Ms. Rafferty was unable to consent to the unwanted acts Drennen perpetrated upon her or to avoid witnessing the unwanted acts he perpetrated upon Ms. Sherman.

20. Plaintiff Ms. Sherman was incarcerated as an inmate in the County Jail from on or about November, 2013 to on or about April 30, 2014. As an inmate Ms. Sherman was unable to consent to the unwanted acts Drennen perpetrated upon her.

21. Officer Drennen, in addition to his other corrections duties at the County Jail, did rounds of the female floor. Drennen's shifts included nighttime hours. During night rounds he often engaged in a pattern of sexual misconduct with female inmates. Drennen would tap on the window or door with his flashlight to signal the female inside to perform for him. His unwanted and inappropriate sexual behavior included taunts, teasing, and acts and including masturbation. Drennen made suggestive noises, sighed and moaned while he watched the female inmate perform sexual acts. He would tell the female inmates that they were "hot" and that he was aroused and often told them what sexual acts he would like to perform on them. The Plaintiffs were victims of "*quid pro quo*" sexual harassment. Drennen would employ bribery to entice the female inmates to perform for him. Defendant Drennen conducted illegal strip searches on Ms. Sherman and others. If the female inmates submitted to his illegal strip searches, he would reward them but if they were not compliant, he would intimidate and threaten them. When Ms. Rafferty and other unwilling witnesses to his illegal searches complained to him about his behavior, he would intimidate and threaten them as well.

22. Defendant Drennen would tell Ms. Sherman and other female inmates under his supervision and control to remove their clothing and expose their bodies to him, including their bare breasts and vaginal area in contravention to their Fourth Amendment rights to be free of unreasonable search and seizure. The repetitive illegal strip searches Defendant Drennen subjected the Plaintiffs to endure were cruel and unusual punishment in violation of their Eighth Amendment rights. These illegal strip searches were performed under color of law and deprived Ms. Sherman and the other female inmates of their rights, privileges, immunities and equal protection secured by the United States Constitution and the laws of the United States, in violation of their Fourteenth Amendment rights.

23. Defendant Sheriff Altiere, Lt. Shay, John and/or Jane Doe Correctional Officer(s) and John and/or Jane Doe Employee(s) knew or should have known of Drennen's pattern of sexual misconduct and exploitation of female inmates prior to the occurrence of the acts alleged by Plaintiffs herein, and failed to remove him from his duties on the all-female floor and failed to report the sexually violent acts to the authorities in direct opposition to the standards set forth in the Prison Rape Elimination Act of 2003 ("PREA").

24. Defendants Sheriff Altiere, Lt. Shay, John and/or Jane Doe Correctional Officer(s) and John and/or Jane Doe Employee(s) perpetuated negligent hiring and retention practices and also failed to have policies in place to properly train, supervise, discipline and control Drennen and other employees of the County Jail. The presence and enforcement of such

policies would prevent Defendant Drennen and others from victimizing female inmates under their care and control.

25. Defendants Sheriff Altiere, Lt. Shay, John and/or Jane Doe Correctional Officer(s) and John and/or Jane Doe Employee(s) were grossly negligent in their hiring and retention practices and failed to properly train, supervise, discipline and control Drennen and other employees of the County Jail.

26. Defendants Sheriff Altiere, Lt. Shay, John and/or Jane Doe Correctional Officer(s) and John and/or Jane Doe Employee(s) failed to respond to Ms. Rafferty and Ms. Sherman's complaints of Drennen's unwanted sexual misconduct in a proper and timely fashion, thereby displaying a deliberate indifference to the serious medical needs, safety and wellbeing of Ms. Rafferty and Ms. Sherman while they were inmates in the County Jail.

27. The Sheriff's Department and the County Jail do not have and/or has failed to promulgate an effective policy, custom and/or practice to prevent their employees from victimizing inmates in their care, custody and control.

28. The entity defendants have established a pattern and practice of strip searching and a perpetuation of sexual misconduct and violations of the bodily integrity of the female inmates at the County Jail. As a result of Defendant Sheriff Altiere, John and/or Jane Doe Corrections Officer(s) and John and/or Jane Doe Employee(s)' "blind-eye" policy in which

sexual misconduct and strip searching was permitted and encouraged, the female inmates of the County Jail experienced repeated acts of sexual violence, coercion, invasions of their privacy and a loss of dignity, safety and physical and emotional well-being at the hands of perpetrators with power and influence authority over them. These customs, practices and policies directly and proximately caused Plaintiffs' substantial psychological and physical pain, the effects of which effect and will continue to have an effect on them well into the future.

29. During the times relevant, Defendant Drennen engaged in this unwanted conduct with Ms. Sherman and at least one other female inmate and would subject Ms. Rafferty and several other female inmates to the degradation of being forced to hear and watch. When Ms. Rafferty and other female inmate/witnesses to Drennen's unwanted sexual misconduct informed him that it was particularly distressing to witness his repetitive improper and unwanted sexual behavior, Drennen intimidated them with negative repercussions and threatened to create problems for the Plaintiffs and other complaining female witnesses during their stay at the County Jail. Drennen told Ms. Rafferty; "if you say something I will make the rest of your stay uncomfortable."

30. Drennen informed Ms. Rafferty and Ms. Sherman that he filed a report with the supervisory staff at the County Jail in which he accused them of threatening to report him for inappropriate sexual behavior in an attempt to blackmail him to obtain cigarettes and other items. Ms. Rafferty and Ms. Sherman became afraid that they would face repercussions, including possible criminal charges, if they reported Drennen's unwanted sexual misconduct. Drennen used his position of authority and power over them as a corrections officer and as a

12

representative of the Sherriff's Department and the County Jail as a form of intimidation to prevent Ms. Rafferty and Ms. Sherman from reporting his unwanted and unlawful sexual misconduct.

31. Defendant Drennen bragged to Ms. Rafferty that he had behaved this way in the past as a Corrections Officer at the County Jail and had always gotten away with it. He told her that at least 7 other female inmates had complained about his pattern of sexual misconduct but that management at the County Jail had never done anything about it, so her complaining would be of no avail. Drennen continued subject Plaintiffs to his unwanted sexual taunts, teasing, and acts without reprieve for weeks, if not months.

32. Sheriff Altiere, Lt. Shay, John and/or Jane Doe Corrections Officers and John and/or Jane Doe Employee(s) allowed Drennen's behavior to continue despite having options to have a female deputy make rounds at night or engage in other options such as having a duo monitor the pod. Despite surveillance cameras in the pod and despite Ms. Rafferty and other female inmates complaining of Drennen's unwanted behavior, Sheriff Altiere, Lt. Shay, John and/or Jane Doe Corrections Officers and John and/or Jane Doe Employee(s) chose to ignore the behavior and/or failed to report Drennen, and failed to stop Drennen. These policies, customs and/or practices of turning a "blind-eye" to Correctional Officers perpetrating sexual assaults and unlawful strip searches on female inmates amount to deliberate indifference of the inmates' Fourth, Eighth and Fourteenth Amendment Rights and were the moving force behind these violations. Plaintiffs Ms. Sherman and Ms. Rafferty were subjected to inappropriate behavior, unwanted sexual advances, and unlawful strip searches repeatedly over the course of several

13

months while Sheriff Altiere, Lt. Shay, John and/or Jane Doe Corrections Officers and/or John and/or Jane Doe Employee(s) knew about all of the conduct involved and did nothing.

33. After Ms. Rafferty and the other female inmates initiated a formal complaint and submitted statements to Major Stewart, Lt. Shay, John and/or Jane Doe Corrections Officers and John and/or Jane Doe Employee(s) labeled them as "trouble makers" and subjected them to negative/disparate treatment on at least two occasions which made them feel intimidated, threatened and scared.

34. Plaintiffs suffered severe emotional distress whether intentionally inflicted or negligently inflicted as a result of the acts of the Defendants as described above. As a result thereof, Ms. Sherman and Ms. Rafferty suffered damages for intentional and/or negligent infliction of emotional distress as set forth above.

**PRAYER FOR RELIEF**

35. Plaintiffs incorporate paragraphs 1 through 34 as though fully set forth here at length.

36. The direct and proximate result of Defendants' acts is that Plaintiffs have suffered severe and permanent injuries including great physical, emotional and psychological pain and suffering and was therefore deprived of his physical, mental and emotional ease.

37. Plaintiffs are entitled to an award of attorney's fees pursuant to 42 U.S.C.A. § 1983 and 1988(b).

38. In subjecting Plaintiffs to the described sexual assaults and unlawful strip searches, the Defendants displayed malice and a reckless or wanton disregard of Plaintiffs' rights.

39. Plaintiffs are entitled to an award of punitive damages to punish and to deter the described conduct of Defendants.

40. Defendants, under color of state law, subjected Plaintiffs to the deprivation of right, privileges, and immunities secured by the Constitution and laws of the United States of America, in violation of 42 U.S.C.A. § 1983.

**WHEREFORE** Plaintiffs Michele L. Rafferty and Katie L. Sherman demand judgment against Defendants for:

a. Compensatory damages in an amount according to proof at trial;

b. Punitive damages in an amount according to proof at trial;

c. Pre-judgment and post-judgment interest;

d. Attorney's fees and costs; and

e. Such other and further relief as the court deems just and equitable.

## JURY DEMAND

41.  Plaintiffs demand a trial by jury on this matter.

        */s/ Sarah Thomas Kovoor*
        SARAH THOMAS KOVOOR (0069223)
        THOMAS D. LAMBROS (0049206)
        Ford, Gold, Kovoor & Simon, Ltd.
        8872 East Market Street
        Warren, OH  44484
        P: (330) 856-6888 / F: (330) 856-7550
        E: sarah.thomas.kovoor@gmail.com
        *Attorney for the Plaintiffs*