PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHELE L. RAFFERTY, *et al.*, ) | |
| ) | CASE NO. 4:16CV430 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| TRUMBULL COUNTY, OHIO, *et al.*, ) | |
| ) | |
| Defendants. ) | **ORDER** [RESOLVING ECF NO. 122] |

Pending before the Court is Plaintiff Michele Rafferty's Motion to Amend or Alter Judgment. ECF No. 122. In her motion, Plaintiff requests that the Court alter its November 10, 2017 Judgment Entry (ECF No. 118) to include language to certify that there is no just reason for delay so that Rafferty may seek an immediate appeal. *Id*. at PageID #: 914. Defendant Charles Drennen has filed a memorandum in opposition. ECF No. 123. In his opposition, Drennen argues that (1) a motion to amend is improper, and (2) even if Rafferty had properly sought relief under Fed.R.Civ.P. 54(b), certification is improper because there is, in fact, just reason for delay. *Id.* at PageID #: 917-19.[1]

Drennen is correct that Rafferty should have proceeded under Fed.R.Civ.P. 54(b) rather than Fed.R.Civ.P. 59(e). *See Downie v. City of Middleburgh Heights*, 301 F.3d 688, 693 (6th Cir. 2002) (applying Rule 54(b) to certify partial judgment entry as immediately appealable).

---

[1] Plaintiff had the opportunity to file a reply in support, but she has failed to do so in a timely fashion. *See* L.R. 7.1(e) (providing parties seven days after service of memorandum in opposition to file reply memorandum in support of any non-dispositive motion).

(4:16CV430)

Plaintiff's reference of the wrong rule is excusable error. The Court will treat Plaintiff's motion as a request for certification under Rule 54(b).

*Downie* prescribes a two-part process to certify an order for immediate appeal: (1) the Court must recognize that it has entered a final judgment as to one or more but fewer than all claims in case; and (2) determine expressly that no just reason to delay appellate review of that claims exists. *Id*. The Court has issued a partial judgment entry (ECF No. 118); therefore, the Court will focus its analysis on part two of the *Downie* test. When analyzing the second prong of this process, courts consider the following non-exhaustive list of factors:

> (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; (5) other miscellaneous factors, including delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

*U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) (quotation omitted).

These factors support a finding of no just reason for delay. Specifically, factors 2, 3, and 5 all support certification, because Drennen has already appealed a related claim. *See* ECF No. 119. The claim on appeal shares common facts with the claim on which Rafferty seeks certification. Therefore, Drennen's claim that allowing an appeal now would create the risk of piecemeal appeals rings hollow. Indeed, the opposite is true, as there is already an appeal before the Sixth Circuit. If anything, allowing Rafferty an interlocutory appeals offers a way to avoid the "several subsequent appeals" that Drennen fears. ECF No. 123 at PageID #: 919. Moreover, Drennen has also ensured that allowing Rafferty to explore her appeal will not cause delay,

2

(4:16CV430)

because he requested a stay of the final pretrial conference pending his appeal (ECF No. 120), which the Court granted.  ECF No. 121.

      Based on the foregoing, the Court hereby certifies, pursuant to Rule 54(b), that Plaintiff may pursue an immediate appeal of the  November 20, 2017 partial judgment entry (ECF No. 118).[2]

      IT IS SO ORDERED.

| | |
|---|---|
|  January 9, 2018 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] Although the Court certifies the entry under Rule 54(b), the Sixth Circuit may rule that it lacks jurisdiction to hear Rafferty's appeal on an interlocutory basis.  *See Meals v. City of Memphis, Tenn.*, 493 F.3d 720, 727 (6th Cir. 2007) (holding that Sixth Circuit may only hear issues inextricably intertwined with claims capable of interlocutory appeal).